UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOELIA DONAMARIA, individually and on behalf of a class,<br>　　　　　　Plaintiff,<br><br>　v.<br><br>KOVITZ SHIFRIN NESBIT, a professional corporation,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>) Case No. 24-cv-9107<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Kovitz Shifrin Nesbit ("KSN"), hereby removes this action from the Circuit Court of Cook County, Illinois, where it is pending as Case No. 2024-CH-06028, to the United States District Court for the Northern District of Illinois, Eastern Division.

In support of this notice, KSN states that, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action in which Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Thus, KSN respectfully files this Notice of Removal.

**I.　　Procedural History.**

1.　　On June 27, 2024, Plaintiff filed a Class Action and Individual Complaint (the "Complaint") against KSN in the Circuit Court of Cook County, Illinois, captioned *Noelia Donamaria v. Kovitz Shifrin Nesbit*, Case No. 2024-CH-06028.

2.　　On August 29, 2024, Plaintiff first served the Complaint on KSN. A copy of the summons and Complaint served on KSN is attached as **Exhibit A**.

3.　　This Notice of Removal is timely under 28 U.S.C. § 1446(b).

## II. Basis for Removal – Federal Question

4. Under 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over actions arising under the Constitution, laws, or treaties of the United States.

5. The Complaint asserts claims under the FDCPA based on, among other things, a letter KSN mailed to Plaintiff requesting payment of a debt. *See* Compl.

6. Plaintiff alleges that, in connection with the alleged FDCPA violations, she has suffered a concrete and particularized injury in fact that gives rise to Article III standing. Under Seventh Circuit precedent, if a plaintiff alleges making a disputed payment in response to challenged conduct, the plaintiff has alleged a concrete injury sufficient to establish standing required for jurisdiction in federal court. *See, e.g.*, *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020). Here, Plaintiff alleges that she did not owe the sums demanded by KSN in the letter; that she was confused by the letter, including as to the amount of debt owed; that she nevertheless paid over $1,000 in response to the demands from the letter; that she was forced to make payments by mail because KSN unlawfully blocked access to her online payment platform; and that KSN refused to post her payment upon receipt, which led to additional interest and late fees accruing. (Compl., ¶¶ 34, 35, 60, 125-28, 130-32.) In short, Plaintiff alleges that the alleged FDCPA violations caused her concrete and particularized injuries.

7. To be clear, KSN does not concede that Plaintiff has pleaded claims upon which relief can be granted and does not concede that Plaintiff is entitled to any relief. But Plaintiff's allegations are sufficient for federal jurisdiction.

8. Venue is proper in this Court, pursuant to 28 U.S. C. § 1441(a), because this is the district and division embracing the place where the state court action is pending.

9. Pursuant to 28 U.S.C. § 1446(a), KSN attaches to this notice the summons and Complaint, which constitute all "process, pleadings, and orders" served to date on KSN. *See* Ex. A.

10. Pursuant to 28 U.S.C. 1446(d), KSN will provide written notice of this removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the clerk of the Circuit Court of Cook County, Illinois.

11. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court is tendered with this Notice of Removal.

12. As noted, KSN submits this notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, KSN respectfully removes this action now pending in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Date: September 27, 2024   Respectfully submitted,

**KOVITZ SHIFRIN NESBIT,**
Defendant

By: */s/ Scott J. Helfand*
One of Its Attorneys

Scott J. Helfand (#6283064)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Phone: (312) 655-1500
Facsimile: (312) 655-1501
Email: scott.helfand@huschblackwell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 27, 2024, the foregoing was served via mail and e-mail upon the following counsel of record:

Mario Kris Kasalo
The Law Office M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
Tel: 312-726-6160
Email: mario.kasalo@kasalolaw.com

Kenneth DucDuong
KMD Law Office, Ltd.
4001 W. Devon Ave, Suite 332
Chicago, IL 60646
Tel: 312.997.5959
Email: kducduong@kmdlex.com

*Attorneys for Plaintiff*

/s/ *Scott J. Helfand*